BARRY J. PORTMAN
Federal Public Defender
GEOFFREY A. HANSEN
Chief Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Kang

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3 - 07 - 70312 EDL |
| Plaintiff, | **DEFENDANT KANG'S SUPPLEMENTAL MEMORANDUM RE: MOTION TO DISMISS** |
| vs. | |
| EDWARD KANG, | |
| Defendant. | |

On May 31, 2007, the defendant Kang filed a motion to dismiss the complaint on the ground that the affidavit filed in support of the complaint failed to present probable cause to conclude that Mr. Kang had committed an offense. On June 1, 2007, the Government appeared in Court and argued that there was no authority allowing the defendant to make such a motion. This Court has asked for further briefing on the issue.

Fed.R.Crim.P. 5(b) states that if a defendant is arrested without a warrant, "a complaint meeting [Fed.R.Crim.P.] 4(a)'s requirement of probable cause must be promptly filed in the district court . . .." Fed.R.Crim.P. 4(a) in turn provides that a complaint must show probable

DETENTION MEMORANDUM                    1

cause "that an offense has been committed, and that the defendant committed it." When what is now Rule 5(b) was first added to Rule 5 in 1972 (as Rule 5(a) at that time), the advisory notes stated the following:

> Subdivision (a) is amended to make clear that a complaint, complying with the requirements of rule 4(a), must be filed whenever a person has been arrested without a warrant. *This means that the complaint, or an affidavit or affidavits filed with the complaint, must show probable cause.*

Advisory Committee Notes, 1972 Amendment (emphasis added).

It follows that if a complaint fails to state probable cause, the complaint violates Rule 5. The question is whether a Court may entertain a motion by a defendant arguing that the complaint violates Rule 5.

The simple answer to this issue is contained in Fed.R.Crim.P 12(b)(3)(A); a complaint which fails to state probable cause violates Rule 5, which means there is a "defect in instituting the prosecution." Under Rule 12, the defendant may (indeed must) make a pretrial motion to dismiss the complaint.[1]

The only authority which Mr. Kang can locate which even mentions this issue is *United States v. Fernandez-Guzman,* 577 F.2d 1093 (7th Cir. 1978). In *Guzman,* the defendant argued that the complaint failed to support a finding of probable cause, and further argued that the Government could not supplement the factual assertions made in the complaint at a subsequent suppression motion. The Court rejected this latter argument, but held in its analysis that the 1972 amendment to Rule 5 allowed a defendant to challenge the probable cause finding: "The rule, as it now reads, clearly permits an arrested person to challenge further custody and the holding to answer on the basis of lack of probable cause shown in the complaint filed after the warrantless arrest." *Id.* at 1097.

This analysis of Rule 5 makes great sense; without having an ability to argue at an initial

---

[1] The defendant concedes that he should have requested an order shortening time. He now makes such a request, which by necessity will have to be made with every such motion due to the timing aspects of Rule 5.

DETENTION MEMORANDUM                2

1  appearance to a court that it was mistaken in its determination that an affidavit presented

2  probable cause, Rule 5 is largely meaningless because a defendant would be held on the basis of

3  an invalid complaint for 10 days before a formal preliminary hearing is held, where both the

4  Government's witnesses are subject to cross-examination and the defendant is entitled to present

5  his/her own evidence to argue that probable cause to proceed is lacking.

6      It is important to note that the defendant does not argue here that he is entitled to some

7  adversarial hearing where he can examine the Government's witnesses or present evidence to

8  rebut the Government's assertions contained in the complaint; rather, he merely contends that

9  under Rule 5 he should have the right to argue to the Magistrate Judge who signed the complaint

10  (or a subsequent Magistrate Judge so designated) that the complaint on its face fails to state

11  probable cause.  The process requested is simple and straightforward, and guarantees that the

12  defendant has some way to insure that the protections of Rule 5 are respected.

13      Although there is no express procedure which allows a defendant to make a motion to

14  dismiss a complaint, there is no provision which prohibits the motion from being made.  To

15  ensure that the spirit of Rule 5 is honored, Mr. Kang's motion should be heard by Magistrate

16  Judge LaPorte.

17  Dated: June 4, 2007

18

19      Respectfully submitted,

20

21      BARRY J. PORTMAN
    Federal Public Defender

22
    /s/
23
    GEOFFREY A. HANSEN
24      Chief Assistant Federal Public Defender

25

26

DETENTION MEMORANDUM    3