SCOTT N. SCHOOLS (SC 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7004
FAX: (415) 436-7234
Email: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> EDWARD SANG KANG, <br> Defendant. | No. 3-07-70312 EDL (BZ) <br><br> UNITED STATES' RESPONSE TO MINUTE ORDER ENTERED ON JUNE 1, 2007 |

    The United States hereby responds to the minute order filed by the Court on June 1.

    The United States is aware of no authority for the proposition that a defendant can challenge by motion a probable cause finding that was made by a magistrate judge when a complaint was signed, rather than by waiting until the preliminary hearing. The single case cited by defendant in his filing earlier today, <u>United States v. Fernandez-Guzman</u>, 577 F.2d 1093 (7th Cir. 1978), is readily distinguishable. The challenge to the adequacy of the complaint there took place in the context of a motion to suppress evidence, which had to occur after the date for the preliminary hearing. See <u>id.</u> at 1095-96 ("Before trial, Fernandez moved to suppress the heroin,"

UNITED STATES' RESPONSE TO MINUTE ORDER
3-07-70312 EDL (BZ)

1  and as part of that motion challenged the adequacy of the complaint).  Thus, at the time he
2  challenged the adequacy of the complaint in his case Fernandez-Guzman lacked the option that
3  defendant has here, which is to raise his probable cause challenge at a soon-to-occur preliminary
4  hearing (if it is not resolved even sooner by a grand jury's return of an indictment).

5        The United States recognizes defendant's concession that he is not entitled to an
6  evidentiary hearing on probable cause prior to the preliminary hearing and that the motion to
7  dismiss he currently seeks to raise would be resolved though legal arguments only.  See
8  Defendant Kang's Supp. Memo. re: Mot. to Dismiss, at 3.  Despite this important (and necessary)
9  concession, we believe that the appropriate course is to allow the matter of probable cause to
10 resolved shortly through a preliminary hearing or the return of an indictment.  Under the terms of
11 Rule 5.1(c), a preliminary hearing must be held no later than June 14 if the defendants remain in
12 custody and no later than June 20 if they win pretrial release.  The very purpose of that
13 preliminary hearing is to decide the question – the existence of probable cause – that defendant
14 seeks to raise by motion here.  Thus, under any circumstances a legally conclusive determination
15 of probable cause cannot be far off, whether that determination comes through the results of a
16 preliminary hearing or through return of an indictment by a grand jury.  Given this calendar, there
17 is no basis for inserting a third probable cause determination in between the one that has already
18 occurred (when Judge Laporte signed the complaint) and the one that necessarily will occur soon
19 (when the preliminary hearing occurs or when a grand jury returns an indictment against the
20 defendants).  The United States respectfully opposes the suggestion of accelerating the date of the
21 preliminary hearing, because defendant has shown no basis for doing so and because advancing
22 the date of that hearing would interfere with the government's preparations for the next stage of
23 this prosecution.

24       In addition to these procedural considerations, there is no substantive basis for
25 challenging the probable cause determination made by Judge Laporte at the time she signed the
26 complaint.  The affidavit filed in support of the complaint provides more than enough basis for
27 finding probable cause that the defendants conspired to commit bank robbery.  It explains that
28 defendant Frederick Johnson is a convicted bank robber who is a suspect in a series of armed

1   bank robberies committed by masked robbers between February and May of this year.  Affidavit
2   of Brian J. Guy in Support of Criminal Complaint ¶¶ 6, 10.  Federal Bureau of Investigation
3   ("FBI") agents observed Johnson as he visited four separate banks on May 25, including the
4   Wells Fargo Bank located at 1202 East Arques Avenue in Sunnyvale.  Id. ¶ 7.  Johnson's pattern
5   of movements led the FBI agents to believe he was scouting the banks with the intention of
6   robbing them.  Id.  He visited the same Wells Fargo Bank again on May 26 and May 29.  Id.
7       On the morning of May 30, Johnson drove from his home in Redwood City to a parking
8   lot on Titan Way that is situated approximately 200 yards from the Wells Fargo Bank in
9   Sunnyvale.  Id. ¶ 8.  At some point during the drive, the surveilling agents concluded that
10  Johnson was driving in tandem with a white sport utility vehicle ("SUV") that turned out to be
11  driven by defendant Edward Kang.  Id.  Johnson parked his car in the Titan Way lot with the nose
12  of the car facing out.  Id.  He got out of his car, carrying a small tote bag, and entered Kang's
13  SUV, which had driven into the same parking lot.  Id.  Kang then drove to the same Wells Fargo
14  Bank that Johnson had appeared to case on three of the previous five days.  Id.  During this short
15  drive, Johnson was seen to be changing clothes in the SUV.  Kang and Johnson drove into the
16  Wells Fargo Bank parking lot and subsequently drove out.  Id.  They then drove back into the
17  Titan Way parking lot, where the FBI stopped the vehicle.  Id.  On the front passenger floorboard
18  FBI agents found Johnson's tote bag, which contained a loaded .380 semi-automatic handgun, a
19  Halloween-type mask, a pair of Nike batting gloves, and a dark blue knit cap.  Id. ¶ 9.
20      The discussion of the complaint contained in defendant's motion to dismiss ignores some
21  of the most important of these facts.  Defendant Kang's Pre-Hearing Memo. re: Detention
22  Hearing Procedure and Mot. to Dismiss for Lack of Probable Cause, at 17.  Most amazingly,
23  defendant's motion ignores the complaint's allegations that Johnson and Kang visited the Wells
24  Fargo Bank parking lot immediately before they were arrested and that Johnson was observed to
25  scout that same bank on three of the five days immediately before the day Johnson and Kang
26  were arrested.  Id.  As to the complaint allegations that Kang does discuss, he complains that the
27  activities are not "described in enough detail"in the complaint, that the exact "nature of
28  Johnson's activities is not explained" in the complaint, and that certain facts are "unclear."  Id.

1  But in raising these criticisms, Kang seeks to hold the complaint to a far higher standard of
2  specificity and elaboration than the law requires. The Supreme Court has held that assessing the
3  presence or absence of probable cause should be treated as a "commonsense, practical question ...
4  ." Illinois v. Gates, 462 U.S. 213, 230 (1983). "[P]robable cause does not demand the certainty
5  we associate with formal trials." Id. at 246. Noting that affidavits "are normally drafted by
6  nonlawyers in the midst and haste of a criminal investigation," the Court has cautioned that
7  "[t]echnical requirements of elaborate specificity once exacted under common law pleadings
8  have no proper place in this area." Id. at 235. Defendant's criticisms here of the complaint
9  affidavit ignore these well-established standards.

10        The Supreme Court has long held that a complaint is adequate so long as it provides
11  enough information for a magistrate "to make the judgment that the charges are not capricious
12  and are sufficiently supported to justify bringing into play the further steps of the criminal
13  process." Jaben v. United States, 381 U.S. 214, 224 (1965). Probable cause for arrest consists of
14  "facts and circumstances sufficient to warrant a prudent [person] in believing that the suspect had
15  committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975). The
16  complaint here easily meets and surpasses these standards. See also Jaben, 381 U.S. at 224 (it is
17  not necessary that "each factual allegation which the affiant puts forth must be independently
18  documented, or that each and every fact which contributed to his conclusions be spelled out in
19  the complaint"); United States v. Smith, 467 F.2d 283, 284 (9th Cir. 1972) (courts should read
20  complaint affidavits in "a common-sense way rather than technically").

21        In summary, from a procedural standpoint there is no basis for defendant's effort to
22  revisit Judge Laporte's probable cause determination, especially since probable cause will soon
23  be settled once and for all in this case by way of a preliminary hearing or grand jury indictment.
24  From a substantive standpoint, the complaint here well surpasses the requirements for showing
25  ///
26  ///
27  ///
28  ///

1 | probable cause. For both groups of reasons, the United States asks this Court to reject
2 | defendant's probable cause arguments at this stage of the case.
3 |
4 | DATED: June 4, 2007                              Respectfully submitted,
5 |                                                  SCOTT N. SCHOOLS
  |                                                  United States Attorney
6 |
7 |
8 |                                                  _____/s/_____
  |                                                  ANDREW P. CAPUTO
  |                                                  Assistant United States Attorney
9 |

UNITED STATES' RESPONSE TO MINUTE ORDER
3-07-70312 EDL (BZ)                              5