# EXHIBIT B

Government's Exhibit

KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7004
    Facsimile: (415) 436-7234
    E-mail: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 06-0287 MHP |
|     Plaintiff, ) | |
|     v. ) | **ORDER OF DETENTION PENDING TRIAL** |
| BOBBY WADE, ) | |
|     Defendant. ) | |

    This matter came before the Court on July 17, 2006, for a detention hearing. Defendant, Bobby Wade, was present and represented by Chief Assistant Federal Public Defender Geoffrey D. Hansen. Assistant United States Attorney Drew Caputo appeared for the United States.

    Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

DETENTION ORDER
CR 06-0287 MHP

1    For the reasons set forth in this Court's Order of Detention Pending Trial dated 12/9/05
2 in *U.S. v. Henderson*, CR 05-0672 MHP and Judge Laporte's Order of Detention Pending Trial
3 dated 5/31/06 in *U.S. v. Henderson*, CR 05-0609 JSW, the Court finds that the Sixth Amendment
4 right of confrontation does not apply to detention hearings, but that general principles of Due
5 Process applies pursuant to *U.S. v. Comito*, 177 F.3d 1166 (9th Cir. 1999) and *U.S. v. Winsor*,
6 785 F.2d 755, 757 (9th Cir. 1986).  For the reasons stated on the record, the factors relied upon
7 by the Court in finding flight risk are based on undisputed facts and documented evidence.  The
8 Court has not relied on evidence of questionable reliability where the truth-seeking function of
9 this Court's determination would be substantially enhanced by the presentation of live witnesses
10 subject to cross examination.

11   Upon consideration of the facts, proffers and arguments presented, the Court finds by a
12 preponderance of the evidence that no condition or combination of conditions of release will
13 reasonably assure the appearance of Defendant as required.  Accordingly, the Court concludes
14 that Defendant must be detained pending trial in this matter.

15   The present order supplements the Court's findings at the detention hearing and serves as
16 written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

17   The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the
18 Court must consider in determining whether pretrial detention is warranted.  These factors are:

19   (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

20   (2)  the weight of the evidence against the person (§ 3142(g)(2));

21   (3)  the history and characteristics of the person including, among other
22        considerations, character, employment, family, and past conduct and criminal
23        history (§ 3142(g)(3)); and

24   (4)  the nature and seriousness of the danger to any person or the community that
25        would be posed by the person's release (§ 3142(g)(4)).

26   With regard to the first factor, the nature and circumstances of the offense charged,

DETENTION ORDER
CR 06-0287 MHP                    2

Defendant is accused of unlawful possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). It is uncontested in this case that Defendant had to be apprehended by the police after a foot chase. While there may be a dispute as to the events leading up to the chase, the fact that Defendant had to be apprehended after a chase was not disputed. This fact militates in favor of detention here, as it demonstrates risk of flight.

The second factor, the weight of the evidence, is considered the least important. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). The Court notes that according to the arresting officers, during the chase, Defendant threw a sock containing a loaded .38 caliber revolver onto the ground. The Court accords little weight, however, to this proffer.

The third factor, the history and characteristics of Defendant, supports detention. Defendant has a recent conviction in 2005 for evading a police officer. According to the police report, he led police on a high speed automobile chase for several miles, then fled on foot. He also has used a series of aliases in his contacts with law enforcement officers over the years, utilizing six (6) different names in his contacts with police. He was convicted in 2003 of False Identification to Peace Officer. Defendant has suffered six (6) felony and two (2) misdemeanor convictions in the last seven (7) years. In 2005, he violated his parole and was sent to Pelican Bay. Defendant's community ties further support detention here, as he lacks a stable employment and residential history. He has not presented any responsible adults to serve as sureties.

For the fourth factor, the nature and seriousness of danger to the community, the Court makes no specific findings because the United States sought detention solely based on flight risk.

Accordingly, based on the evidence presented at the hearing, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required.

DETENTION ORDER
CR 06-0287 MHP                    3

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: July 19, 2006

HON. EDWARD M. CHEN  
United States Magistrate Judge

DETENTION ORDER  
CR 06-0287 MHP                4