# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3-07-70312 EDL (BZ) |
| ) | |
| v. ) | **ORDER DENYING DEFENDANT** |
| ) | **KANG'S MOTION TO DISMISS** |
| EDWARD KANG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On May 30, 2007, FBI agents arrested Edward Kang without a warrant on a charge of conspiring to commit bank robbery. On May 31, FBI agent Guy swore out a criminal complaint before Magistrate Judge Laporte, who found probable cause for the arrest. At his initial appearance that day, Judge Laporte scheduled a hearing on the government's motion to detain Mr. Kang before the magistrate judge presiding over the criminal calendar on June 7, 2007. Mr. Kang and then noticed a motion to dismiss the complaint for lack of probable cause for that same date.

After reviewing the motion, I asked counsel for both parties to submit authority on the issue of whether defendant may pursue such a motion prior to preliminary hearing. Neither side produced any authority directly on point, and my own research failed to disclose any. Defendant relies on

1

1  **TENTATIVE RULING**

2  Federal Rule of Criminal Procedure 12(b)(3)(A), which
3  authorizes pretrial motions concerning "defect[s] in
4  instituting the prosecution," and U.S. v. Fernandez-Guzman,
5  577 F.2d 1093 (7th Cir. 1978).

6  Having considered the matter, I conclude for a number of
7  reasons that there is no basis for filing a motion to dismiss
8  a complaint for failing to contain probable cause for the
9  arrest, prior to the expiration of the ten day period provided
10 in Rule 5.1 for a preliminary hearing or indictment.  First,
11 Fernandez-Guzman affirmed a trial court's ruling denying a
12 motion to suppress evidence where the arrest was based on
13 probable cause even if the complaint filed under Rule 5 was
14 defective.  Citing Gerstein v. Pugh, 420 U.S. 103, Fernandez-
15 Guzman recognizes that the "Fourth Amendment demands a prompt
16 judicial determination of probable cause in order to test
17 continued detention before trial."  577 F.2d at 1097.  Here
18 Judge Laporte made such a determination when she signed the
19 complaint.  What defendant is seeking is essentially an appeal
20 of her finding.

21 Second, there does not appear to be any good reason to
22 create such a motion.  I find it significant that no reported
23 case that the parties or I have been able to locate has
24 recognized such a motion.  I expect this is because a
25 defendant who has been arrested on less than probable cause is
26 adequately protected by the requirement that within ten days
27 of his initial appearance, a magistrate judge or a grand jury
28 must find probable cause to believe an offense was committed.

# TENTATIVE RULING

As a practical matter, in most cases it would be difficult to have a motion heard much before the preliminary hearing.[1] There seems little reason to create a non-statutory motion when the law already provides a means of assuring that a defendant is not long detained if there is no probable cause for the detention.

Finally, even assuming that one magistrate judge could review another magistrate judge's probable cause determination, it does not appear that a magistrate judge has the authority to dismiss a criminal complaint over the government's objection. 28 U.S.C. § 636(b)(1)(A) states:

> "Notwithstanding any provision of law to the contrary –- a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant . . . and to involuntarily dismiss an action."

For these reasons, defendant's motion to dismiss is denied. A preliminary hearing will be scheduled at the detention hearing.

Dated: June 6, 2007

__________________________________
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.07\Kang Mot to Dismiss Order.BZ version.tentative ruling.wpd

[1] Defendant belatedly requested an order shortening time to consider his motion. See Defendant Kang's Supplemental Memorandum Re: Motion to Dismiss, at 2 n.1. No opposition having been filed, the request is **GRANTED**.