UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | No. 3-07-70312 (BZ) |
| v. | ) ) | **ORDER DENYING DEFENDANT KANG'S MOTION TO DISMISS** |
| EDWARD KANG, | ) ) | |
| Defendant. | ) ) | |

On May 30, 2007, FBI agents arrested Edward Kang without a warrant on a charge of conspiring to commit bank robbery. On May 31, FBI Special Agent Brian Guy swore out a criminal complaint before Magistrate Judge Laporte, who found probable cause for the arrest. At his initial appearance that day, Judge Laporte scheduled a hearing on the government's motion to detain Mr. Kang before the magistrate judge presiding over the criminal calendar on June 7, 2007. Mr. Kang then noticed a motion to dismiss the complaint for lack of probable cause for that same date.

After reviewing the motion, I asked counsel for both

1

1   parties to submit authority on the issue of whether defendant
2   may pursue such a motion prior to preliminary hearing.
3   Defendant relied only on Federal Rule of Criminal Procedure
4   12(b)(3)(A), which authorizes pretrial motions concerning
5   "defect[s] in instituting the prosecution," and <u>U.S. v.
6   Fernandez-Guzman</u>, 577 F.2d 1093 (7th Cir. 1978).  Neither side
7   produced any authority directly on point, and my own research
8   disclosed only one case arguably on point.[1]
9       Having considered the matter and heard argument, I
10  conclude for a number of reasons that there is no basis for a
11  defendant filing a motion to dismiss a complaint containing
12  felony charges for failing to contain probable cause for the
13  arrest, prior to the expiration of the period provided in
14  Rule 5.1 for a preliminary hearing or indictment.  First,
15  <u>Fernandez-Guzman</u> affirmed a trial court's ruling denying a
16  motion to suppress evidence where the arrest was based on
17  probable cause even if the complaint filed under Rule 5(b)
18  was defective.  Citing <u>Gerstein v. Pugh</u>, 420 U.S. 103 (1975),
19  <u>Fernandez-Guzman</u> recognized that the "Fourth Amendment
20  demands a prompt judicial determination of probable cause in
21  order to test continued detention before trial."  577 F.2d at

---

[1] In <u>U.S. v. Tejada</u>, 2006 WL 1669695 (S.D.N.Y.), a magistrate judge denied a motion to dismiss a criminal complaint finding that probable cause was stated in the complaint.  There is no discussion in the ruling about whether the motion was proper.  <u>Tejada</u> cites <u>U.S. v. Jimenez</u>, 421 F. Supp. 2d 1008, 1010-11 (W.D. Tex. 2006), as authority for such a motion, but <u>Jimenez</u> was decided following a preliminary hearing.  It is not clear from <u>Tejada</u> whether the ruling occurred at a preliminary hearing or whether there had been an earlier probable cause determination as required by <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991).

1097. Here Judge Laporte made such a determination when she authorized the filing of the complaint. What defendant is seeking is essentially an appeal of her finding. This assumes one magistrate judge has the authority to review another magistrate judge's ruling.[2]

Second, there does not appear to be any good reason to create such a motion. I expect that the lack of authority for such a motion is because a defendant who has been arrested on less than probable cause and is in custody is adequately protected by the requirement that within ten days of his initial appearance, a magistrate judge at a preliminary hearing or a grand jury must find probable cause to believe an offense was committed. As a practical matter, in most cases it would be difficult to have a motion to dismiss heard much before the preliminary hearing.[3] There seems little reason to create a non-statutory motion when the law already provides means of assuring that a defendant is not long detained if there is no probable cause for the detention.

Finally, it is unclear whether a magistrate judge has the authority to dismiss a criminal complaint containing felony charges over the government's objection. While Rule

---

[2] In response, at the hearing, defense counsel characterized the motion as a request for Judge Laporte to reconsider her finding. In this district, motions for reconsideration are governed by Civil Local Rule 7-9. See Criminal Local Rule 2-1. This motion does not meet the requirements of Local Rule 7-9 in various ways.

[3] Defendant belatedly requested an order shortening time to consider his motion. See Defendant Kang's Supplemental Memorandum Re: Motion to Dismiss, at 2 n.1. No opposition having been filed, the request is **GRANTED.**

1  5.1(f) gives a magistrate judge authority to dismiss a
2  complaint after a preliminary hearing, 28 U.S.C. §
3  636(b)(1)(A) states:

> "Notwithstanding any provision of law to the contrary -- a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant . . . and to involuntarily dismiss an action."

8  Since this issue was not briefed, I did not base this ruling
9  on it.

10      For these reasons, defendant's motion to dismiss is
11  **DENIED**.[4]  A preliminary hearing is scheduled for this
12  **Thursday, June 14, 2007.**
13  Dated: June 12, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

18  G:\BZALL\CRIMINAL\ORDERS\ORDERS.07\KANG\Kang Mot to Dismiss Order.BZ version.wpd

---

[4] The motion of co-defendant Johnson, who joined in Kang's motion, is also **DENIED**.

4